IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIS J. STOLFO,<br><br>      Appellant,<br><br>      v.<br><br>KINDERCARE LEARNING CENTERS, LLC, ARNETTA TERRY, JOHN RANIERI, and SERVICE LIST,<br><br>      Appellees. | Case No. 17 C 854<br><br>Judge Harry D. Leinenweber<br><br>Case USBC No. 12 A 01796<br>Appeal from the United States Bankruptcy Court, Northern District of Illinois, Eastern Division |

## MEMORANDUM OPINION AND ORDER

Dennis J. Stolfo ("Stolfo") appeals a decision of the Bankruptcy Court denying his Motion to revisit its ruling that his court-ordered sanctions were not discharged in bankruptcy. For the reasons stated herein, the Court affirms the decision of the Bankruptcy Court. It refers Stolfo to the appropriate disciplinary authority for his conduct in this litigation.

### I. BACKGROUND

The facts of this case read like a mockery of the idea that justice should be swift and final. In 2004, Stolfo sued KinderCare Learning Centers and some of the other appellees in this case (collectively, "KinderCare") on behalf of a client. *See, Iacovetti v. KinderCare Learning Ctrs., Inc.,* No. 04 L 10942 (the "Underlying Case"). Stolfo's conduct in that lawsuit

caused him to be sanctioned on at least five separate occasions by both the Illinois circuit and appellate courts. The sanctions totaled an eye-popping $184,993.52, an amount that kept increasing as Stolfo filed one frivolous appeal after another. All in all, Stolfo appealed the underlying case six times, each time making arguments that the courts called "rambling, jumbled, and mostly incoherent." *See, Stolfo v. KinderCare Learning Ctrs., Inc.*, 51 N.E.3d 906, 911 n.1 (App. Ct. 2016) (internal quotation marks omitted).

After exhausting his remedies in the state courts in the Underlying Case and succeeding only in racking up KinderCare's legal bills, Stolfo filed for bankruptcy. *See, In re Stolfo*, No. 12-29479 (Bankr. N.D. Ill. 2012) ("Bankruptcy Case"). The proceeding was a Chapter 7, "no assets" bankruptcy – meaning that the court determined that Stolfo did not have any assets with which to pay his creditors. Per the usual procedure in such a case, the court gave Stolfo's creditors notice that they should not file a proof of claim. As the standard form sent out to the creditors stated: "There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.*" *See,* ECF No. 10, Ex. A (emphasis in original). In keeping with the

Bankruptcy Court's instructions, KinderCare did not file any such proof.

The bankruptcy case closed in November 2012. KinderCare then filed a related proceeding to determine whether the court-ordered sanctions were discharged in the bankruptcy. *See, KinderCare v. Stolfo,* No. 12-01796 (Bankr. N.D. Ill. 2012) (the "Adversary Discharge Case"). (The sanctions were payable to KinderCare to compensate it for the legal expenses it incurred in defending against Stolfo's frivolous litigation.) Such a proceeding is known as an "adversary case," and it proceeded much as a case filed in the district court would. KinderCare brought a Complaint in which it argued that because Stolfo's conduct in the Underlying Case was "willful and malicious," the debt was non-dischargeable per the operation of 11 U.S.C § 523(a)(6). *See,* 11 U.S.C § 523(a) (providing that a Chapter 7 bankruptcy "does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity"). In response, Stolfo brought a Motion to Dismiss and later, an opposition to KinderCare's Motion for Summary Judgment. He lost both.

In granting summary judgment to KinderCare, Judge Eugene R. Wedoff relied on the state court proceeding in the Underlying Case. As the judge stated, the "state court's factual findings

and an order for sanctions against the debtor, Dennis J. Stolfo, collaterally estop Stolfo from relitigating the court's factual determinations." *See,* Adversary Discharge Case, ECF No. 61 at 3-8:18. Moreover, "these factual determinations are sufficient to establish that Stolfo inflicted a willful and malicious injury under 523(a)(6) that would except his debt to the KinderCare parties from his bankruptcy discharge." *Id.* Stolfo thus still owed KinderCare for the full amount of the sanctions. The Court's Order, handed down on September 3, 2013, ended the dispute, and a docket entry made the day after terminated the case.

Armed with Judge Wedoff's ruling, KinderCare returned to the Illinois circuit court to attempt to collect on the debt. Stolfo resisted. Not only did he stonewall KinderCare in its effort to discover assets, he also filed for relief from judgment in the Underlying Case. And he appealed – multiple times.

By 2016, the Illinois appellate courts had exhausted their forbearance. In two separate opinions, the courts lambasted Stolfo for his actions in the litigation against KinderCare. The earlier opinion recounted Stolfo's "long history of frivolous conduct" and "blatant disregard" for the courts. *See, Stolfo,* 51 N.E.3d at 913-14. It also rejected his arguments as

barred by *res judicata,* imposed additional sanctions, and ordered him "to obtain leave of this court prior to submitting any other filings." *See, id.* at 915.

The second court went further. In an unpublished opinion, Justice Aurelia Pucinski had this to say about and to Stolfo:

> It is abundantly clear that attorney Dennis James Stolfo is an unrepentant serial filer who will use any argument, no matter how repetitive, redundant, previously resolved, incomplete, incoherent, inane, frivolous, or just plain concocted to continue to delay having to pay the properly ordered sanctions.
>
> . . .
>
> Stolfo is once again admonished to cease and desist from frivolous actions. . . .
>
> He is reminded that the order entered by this court in appeal number 1-14-2396 requires him to "obtain leave of court prior to submitting *any* other filings." (Emphasis added.)
>
> . . .
>
> Further, Stolfo is admonished that continued frivolous filings in this mater may result in referral to the ARDC [Attorney Registration and Disciplinary Commission] for vexatious and delaying behavior.

*KinderCare v. Stolfo,* No. 13 L 11821, 2016 IL App (1st) 143608-U, ¶¶ 28-34. Almost needlessly to say, the court found Stolfo's appeal "frivolous in the extreme" and imposed further sanctions. *Id.* ¶ 34.

As is particularly relevant for the current appeal, Justice Pucinski also identified a slew of issues that "have already been decided" and "are no longer available to [Stolfo]" "in any forum." *See, id.* ¶¶ 24-29. These included the argument that "Kindercare's conversion from a Delaware corporation to a Delaware LLC results in a loss of standing for Kindercare LLC." *Id.* ¶ 26 ("Under the doctrine of *res judicata* this issue for Stolfo is now permanently doomed and is not available to him in any forum and he is directed to stop raising it."). This subsumed the contention Stolfo raised in the circuit court that "Kindercare LLC is not a proper successor at interest under Delaware law because the successor in interest provisions in Delaware law apply only to mergers, not conversions from a corporation to an LLC, so Kindercare LLC is a nullity which cannot sue." *Id.* ¶ 21.

Blocked at the state courts, Stolfo turned back to the federal adversary proceeding closed more than three years earlier. In January 2017, Stolfo filed a Motion titled "Stolfo's (Debtor) Motion in Adversary Complaint Case No. 1201796 for leave to file his adversary complaint to enforce the discharge and the barring and voiding and dismissal with prejudice of the adversary complaint Case No. 1201796 and the September 3, 2013 order granting the adversary complaint and the

claim and debt held non-dischargeable and relief from all willful acts that violate 11 U.S.C. 524(a) and 11 U.S.C. 105 sanctions." *See,* Adversary Discharge Case, ECF No. 62. Thus, in a case that has been closed for three years, Stolfo brought a Motion that asked the court to (1) reconsider its ruling from three years earlier, (2) allow Stolfo to file his own Complaint in KinderCare's now-closed case, and (3) award Stolfo sanctions.

Because Judge Wedoff has retired since the case ended, Chief Judge Pamela S. Hollis heard Stolfo's Motion. *See,* Adversary Discharge Case, ECF No. 71. At the hearing, Chief Judge Hollis was clipped and to the point, informing Stolfo that his Motion was "wrong procedurally" but that "I wouldn't suggest you try again because I read the reply. I read what the appellate court said directing you not to raise these arguments again . . . , and the language was 'in any court.'" *Id.* at 3:19-4:22. Judge Hollis then summarily denied Stolfo's Motion. True to form, however, Stolfo tried again – this time by taking an appeal to this Court.

## II. <u>ANALYSIS</u>

Because Stolfo has given the Court no reason to view this as anything but a frivolous appeal, the Court affirms the decision of the Bankruptcy Court and grants KinderCare all the relief it requests.

### A. Affirmance

To the extent that Stolfo engages with Chief Judge Hollis' reasoning at all on appeal, he faults her for relying on Justice Pucinski's opinion. According to Stolfo, it was error for the judge to have done so because the state court opinion "is not precedential and may not be cited by any party." *See, e.g.,* ECF No. 6 at 23. The argument is baffling. By "precedential," Stolfo seems to mean something like a published opinion. But Justice Pucinski's opinion does not need to be published to be controlling for Stolfo. The opinion directly addresses the Appellant and so binds him even if it is not precedential for anybody else. Moreover, to the extent that Illinois limits how unpublished opinions may be used, those rules do not apply to the federal courts. *Compare,* Ill. Sup. Ct. R. 23(e), *with* U.S.C. Fed. R. App. P. 32.1 (providing that courts "may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been designated as 'unpublished,' 'not for publication,' 'non-precedential,' 'not precedent,' or the like"). Finally, there is nothing inconsistent between the Illinois Supreme Court rule governing the use of unpublished opinions and Chief Judge Hollis' reliance on the relevant ruling to warn Stolfo that the arguments he raised in his motion are precluded by *res judicata*.

*See,* Ill. Sup. Ct. R. 23 ("An [unpublished] order . . . is not precedential and may not be cited by any party *except* to support contention of double jeopardy, *res judicata,* collateral estoppel or law of the case.") (emphasis added).

As to the rest of Stolfo's arguments, the majority relates to issues that he has specifically been warned are "permanently doomed." *KinderCare,* 2016 IL App (1st) 143608-U, ¶ 26. For instance, Stolfo rehashes the contention that KinderCare, LLC lacks standing because it is not a proper successor in interest to KinderCare Learning Centers, Inc. and so "is not an entity, does not exist and is a nullity." *See, e.g.,* ECF No. 6 at 20. The Court can only echo the previous courts in telling Stolfo that he is barred from trying to hit "rewind," "repeat," or "do over" in this litigation as if it were a game. *See, KinderCare,* 2016 IL App (1st) 143608-U, ¶ 11 ("All issues related to Kindercare, Inc.'s conversion to Kindercare, LLC are now foreclosed to Stolfo in any way, shape or form in any forum and he is specifically instructed to stop raising them.").

Insofar as Stolfo says anything that has not already been rejected, he argues that the debt he owed to KinderCare has been discharged since the company failed to file a proof of claim against him. For this proposition, he cites *In re Greenig,* 152 F.3d 631 (7th Cir. 1998). The Seventh Circuit in that case

stated that "[i]n Chapter 12 cases, if the claim is to be allowed, a proof of claim must be filed." *Id.* at 633. Of course, Stolfo's bankruptcy was not a Chapter 12 case. It was a Chapter 7 proceeding, and more importantly, it was a Chapter 7 "no assets" proceeding. Proofs of claims are not required in such cases. Indeed, as KinderCare pointed out, the bankruptcy court informed creditors in Stolfo's Bankruptcy Case that they should not file any such proofs. *See,* ECF No. 10, Ex. A.

The rule that a creditor need not file a proof of claim in a Chapter 7 "no assets" case is codified in law. *See,* U.S.C. BANKR. R. 2002(e) ("In a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for the payment of a dividend, further notice will be given for the filing of claims."). Moreover, the rationale for such a rule has long been explicated. Because "a proof of claim serves only one purpose in a Chapter 7 case" – to assert "a right to participate in the distribution of the assets of the estate" – "[i]n a case without assets to distribute the right to file a proof of claim is meaningless and worthless." *In re Mendiola,* 99 B.R. 864, 867 (Bankr. N.D. Ill. 1989); *see also*, *Nat'l Ass'n*

*of Sys. Adm'rs, Inc. v. Avionics Sols., Inc.,* No. 1:06-cv-159-SEB-JMS, 2008 U.S. Dist. LEXIS 2568, at *25-28 (S.D. Ind. Jan. 10, 2008) ("[U]nder Rule 2002(e) of the Federal Rules of Bankruptcy Procedure, in a no-asset bankruptcy . . ., creditors are notified that there is no need to file a claim, since no distribution will be made."). Accordingly, the Court will not fault KinderCare for foregoing what is "meaningless and worthless." *In re Mendiola,* 99 B.R. at 867.

Stolfo also appears to argue – although his brief is never clear on the point – that even if KinderCare was not required to file a proof of claim in the Bankruptcy Case, it had to do so when it instituted the adversary discharge proceeding. Stolfo cites no authority for this proposition. Instead, he directs the Court *ad nauseam* to the dictum from *In re Smith,* 582 F.3d 767, 771 (7th Cir. 2009), that "[a] creditor who holds [a debt nondischargeable under 11 U.S.C. § 523(a)(6)] is obliged to file a proof of claim and a timely request that the bankruptcy court determine the debt to be nondischargeable."

Here, there is no question that KinderCare filed "a timely request that the bankruptcy court determine the debt to be nondischargeable." *Id.* This was the adversary proceeding that Stolfo sought to hijack with the motion he is now appealing. Stolfo's argument thus collapses back to the contention that

KinderCare was required to file a proof of claim in an adversary proceeding associated with a "no assets" Chapter 7 bankruptcy. But *In re Smith* offers no support for such a proposition. The court there never delved the proof of claim issue, which was a tangent to the case, and it never indicated that it was examining a "no assets" bankruptcy. The court's quoted comment, insofar as it relates to the proof of claim issue, was dictum, and, in any event, inapplicable to the facts of this case. *See, Simpkins v. City of Belleville,* No. 09-cv-912-JPG, 2010 U.S. Dist. LEXIS 44720, at *14 (S.D. Ill. May 7, 2010) ("Obiter dicta are comments by a court uttered as an aside and are generally not binding or precedential.").

Finally, as Chief Judge Hollis' remarks indicate, Stolfo's Motion was procedurally defective. If it is treated as a motion for reconsideration of Judge Wedoff's three-year old summary judgment decision, then it is untimely and the arguments it makes – because they were never made to Judge Wedoff – are waived both before Chief Judge Hollis and in front of this Court. *See, In re Polo Builders, Inc.,* 374 B.R. 638, 642 (Bankr. N.D. Ill. 2007) ("An argument raised for the first time in a motion for reconsideration is waived."); *In re Busson-Sokolik,* 635 F.3d 261, 268 (7th Cir. 2011) ("[W]hen an issue was not raised in the bankruptcy court, a finding that the issue is

waived at the district court level is the correct result, since to find otherwise would permit a litigant simply to bypass the bankruptcy court.") (internal quotation marks omitted). If instead the motion is considered a request to reopen the Bankruptcy Case, then KinderCare's adversary proceeding may not be the right forum for such a motion. Furthermore, the decision whether or not to reopen a bankruptcy case "is within the broad discretion of the bankruptcy court." *Redmond v. Fifth Third Bank,* 624 F.3d 793, 798 (7th Cir. 2010). Given how long Stolfo waited before moving to reopen the case and the prejudice caused to KinderCare by Stolfo's effort to drag the company back to federal bankruptcy court only after the state courts turned him away, the Court cannot say that chief Judge Hollis abused her discretion in denying Stolfo's motion. *See, id.* at 799 ("The passage of time weighs heavily against reopening. . . . In assessing whether a motion is timely, courts may consider the lack of diligence of the party seeking to reopen and the prejudice to the nonmoving party caused by the delay.").

In sum, Stolfo has not provided the Court with any reason to reverse the ruling of the court below. The Court thus affirms Chief Judge Hollis' denial of Stolfo's Motion.

### B.  Further Relief

The Court anticipates that whatever it says, much like what all the previous courts had said, will not convince Stolfo to cease and desist.  It here does what it can to compel him to stop, both to protect the parties he has continually hauled into court and to keep Stolfo from calling into question the ability of the court system to restrain a determined litigant.  Ergo, the Court refers Stolfo to the Illinois Attorney Registration and Disciplinary Commission for the appropriate disciplinary proceedings.

### III. CONCLUSION

For the reasons stated herein, the Court grants the Appellees their requested relief:  it affirms the decision of the Bankruptcy Court and refers Stolfo to the appropriate disciplinary authority for his conduct in this litigation.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Dated: June 21, 2017